# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **FRED ALFINDA, KAREN ALFINDA,** | ) ) ) ) |
| Plaintiffs, | ) ) Case No.: 1:10-CV-2196-VEH |
| v. | ) ) |
| **GMAC MORTGAGE, LLC,** | ) ) |
| Defendant. | ) |

## ORDER

### I.   Introduction

The case comes before the court on Plaintiffs Fred and Karen Alfinda's (collectively hereinafter the "Alfindas") Petition for Temporary Injunction (Doc. 2) (the "Petition") and Petition for Restraining Order (Doc. 3) (the "Second Petition"), both of which were filed on August 12, 2010, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. The Alfindas are proceeding *pro se* (*i.e.*, they are not represented by counsel) in this litigation. The undersigned received this lawsuit by way of reassignment on August 17, 2010. (Doc. 5).

The Second Petition is supplemented by a Memorandum in Support of Request for Temporary Restraining Order (Doc. 4), also filed by the Alfindas on August 12,

2010. The Petition and Second Petition are similar in substance in that they both seek to have Defendant GMAC Mortgage, LLC ("GMAC") "temporarily restrained from selling the instant property" without any notice to GMAC (Doc. 3 at 2; *see also* Doc. 4 at 1 ("Plaintiff requests a temporary restraining order which prevents the sale of his home pursuant to a non-judicial foreclosure proceeding."); Doc. 2 at 24 ("If the defendant is temporarily restrained from selling the instant property, the defendant an[d] plaintiff will be[ne]fit as if plaintiff is forced to vacate the property, the property will sit empty for the duration of the action.")).

## II.   Analysis

Rule 65(b), which governs the issuance of temporary restraining orders, states in pertinent part that:

> **(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > **(A)** <u>specific facts in an affidavit or a verified complaint</u> clearly show that immediate and irreparable injury, loss, or damage will result to the movant <u>before the adverse party can be heard in opposition</u>; and
> >
> > **(B)** the movant's attorney certifies in writing any efforts made to give notice and <u>the reasons why it should not be required</u>.

Fed. R. Civ. P. 65(b)(1) (emphasis by underlining added).  The court has concerns

over the Alfindas' ability to satisfy the procedural requirements of Rule 65(b)(1).[1]

Turning to the requirements of Rule 65(b)(1)(A), nowhere in the record has the court found an affidavit in support of the Alfindas' request for the issuance of a temporary restraining order. Similarly, the complaint (Doc. 1) that was filed by the Alfindas, although signed by them (*Id.* at 24), is still not a <u>verified</u> pleading because it has not been executed under oath or alternatively under the penalty of perjury. *Cf., e.g., Bailey-PVS Oxides, L.L.C., v. Nucor Steel Decatur, LLC*, No. 5:07-CV-1296-IPJ, (Doc. 1 at 20 (setting forth notarized verification signed by president of company stating that "the facts stated in the foregoing Verified Complaint are true and correct")); *see also Black's Law Dictionary* (6th ed.) at 1561 (defining "verification" to mean "[c]onfirmation of correctness, truth, or authenticity, by affidavit, oath or deposition" and illustrating by example that "a verified complaint typically has an attached affidavit of plaintiff to the effect that the complaint is true"). Relatedly, none of the other documents filed by the Alfindas in support of their temporary restraining request contains a notarized verification page or has otherwise been attested to under the penalty of perjury. (*See* Docs. 2-4 (executed by the Alfindas, but not verified as to the truthfulness of the contents)).

---

[1] At this juncture, the court expresses no opinion as to whether the Alfindas would be able to, in fact, substantively show immediate and irreparable injury, loss, or damage, if all the Rule 65(b) procedural inadequacies were cured.

Also, the Petition and Second Petition lack any sworn to explanation why a temporary restraining order should issue "before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Instead, the Alfindas have merely vaguely and insufficiently alleged that "[t]he court should enter this preliminary injunction without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard as defendants['] sale of the property is imminent." (Doc. 3 at 2 (citation omitted); *see also* Doc. 4 at 3 (same)).

These same inadequate allegations relating to notice also pose procedural problems for the Alfindas under Rule 65(b)(1)(B), which requires a certification (which typically comes from legal counsel) that explains any efforts made to give the defendant notice and provides reasons why the issuance of a restraining order against a defendant without notice is appropriate. Absent from the record is any such certification by the Alfindas. Also, while the Alfindas do assert that a sale of their property is "imminent," nowhere in the record has the court been able to verify when such a sale is to take place.

For example, the Alfindas have not attached any exhibits from which the date of the sale can be ascertained. Moreover, in the absence of any evidence establishing the date of the purported impending sale, the court cannot determine whether it is

4

indeed "imminent" such that it would possibly be appropriate to dispense with the general rule in favor of providing the defendant with some form of prior notice before issuing a temporary restraining oder.

As observed in connection with the 1966 Amendment to Rule 65(b):

> In view of the possibly drastic consequences of a temporary restraining order, the opposition should be heard, if feasible, before the order is granted. Many judges have properly insisted that, when time does not permit of formal notice of the application to the adverse party, some expedient, such as telephonic notice to the attorney for the adverse party, be resorted to if this can reasonably be done. On occasion, however, temporary restraining orders have been issued without any notice when it was feasible for some fair, although informal, notice to be given. See the emphatic criticisms in *Pennsylvania Rd. Co. v. Transport Workers Union*, 278 F.2d 693, 694 (3d Cir. 1960); *Arvida Corp. v. Sugarman*, 259 F.2d 428, 429 (2d Cir. 1958); *Lummus Co. v. Commonwealth Oil Ref. Co., Inc.*, 297 F.2d 80, 83 (2d Cir. 1961), *cert. denied*, 368 U.S. 986 (1962).
>
> Heretofore the first sentence of subdivision (b), in referring to a notice "served" on the "adverse party" on which a "hearing" could be held, perhaps invited the interpretation that the order might be granted without notice if the circumstances did not permit of a formal hearing on the basis of a formal notice. The subdivision is amended to make it plain that informal notice, which may be communicated to the attorney rather than the adverse party, is to be preferred to no notice at all.
>
> Before notice can be dispensed with, the applicant's counsel must give his certificate as to any efforts made to give notice and the reasons why notice should not be required. This certificate is in addition to the requirement of an affidavit or verified complaint setting forth the facts as to the irreparable injury which would result before the opposition could be heard.

Fed. R. Civ. P. 65 (Subdivision (b) note to 1966 Amend.) (emphasis added). Therefore, as dispensing with notice is a disfavored practice, satisfaction of the procedural requirements is critical to meeting a movant's overall burden under Rule 65(b).

Furthermore, the United States Supreme Court has recognized that a temporary restraining order is an "'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted). This is particularly true when one is sought in the absence of a court's receipt of any opposition from the other side. <u>It is only on rare occasions that an ex parte temporary restraining order is proper</u> and then such "orders should be limited to preserving the status quo only for so long as is necessary to hold a hearing." *First Technology Safety Systems, Inc. v. Depinet,* 11 F.3d 641, 650 (6th Cir. 1993) (emphasis added) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 439 (1974)).

Against this legal backdrop and in light of the above noted procedural deficiencies, the Alfindas' request for the issuance of a temporary restraining order without notice to GMAC as set forth in their Petition and Second Petition is **DENIED**.

### III.   Conclusion

Accordingly, the Alfindas' request for the issuance of a temporary restraining order without notice as set forth in their Petition and Second Petition is **DENIED**. Further, the court will promptly set this case for a hearing upon return of service on GMAC and/or the entry of an appearance by counsel on behalf of GMAC.

**DONE** and **ORDERED** this the 20th day of August, 2010.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge