## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **Fred Alfinda, Karen Alfinda,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **1:10-CV-2196-VEH** |
| | ) | |
| **GMAC Mortgage, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND INCORPORATED BRIEF IN SUPPORT THEREOF

Defendant GMAC Mortgage, LLC ("GMACM") respectfully moves this Court to dismiss Plaintiffs' Complaint in its entirety pursuant to Rules 8(a), 9(b), 10(b), 12(b)(6) and 17 of the Federal Rules of Civil Procedure. This *pro se* plaintiff's lawsuit is another example of the foreclosure avoidance and debt avoidance schemes being filed by defaulting borrowers across the country, which are based on verbose Complaints found on the Internet. This Complaint can be found online at *http://www.scribd.com/doc/36849128/Basis-for-Complaint*. Other defaulting borrowers have recently filed the same 24-page Complaint in this Court and in the United States District Court for the Western District of Texas.[1] In any

---

[1] A copy of these Complaints, filed in *Chasidy Privett v. Chase Home Finance, LLC*, Civil Action No. 10-J-2104-NE in the United States District Court for the Northern District of

event, Plaintiffs' claims, to the extent they can be deciphered, fail as a matter of law.   Not only is the Complaint merely an attempt by Plaintiffs to avoid foreclosure, but Plaintiffs lack standing to bring any of the alleged claims as Plaintiffs are currently debtors in a pending Chapter 7 bankruptcy matter.  Second, the doctrine of collateral estoppel bars Plaintiffs from pursing any of their claims against GMACM.  Finally, the Complaint fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure.   In further support of this motion, GMACM states as follows:

## FACTS

1.      On July 6, 2006, Plaintiffs executed a Promissory Note (the "Note") in the original principal amount of $86,000, payable to the order of Homecomings Financial Network, Inc.  A true and correct copy of the Note is attached hereto as Exhibit C.[2]

---

Alabama and *Kathleen Magor v. GMAC Mortgage, LLC*, Civil Action No. A-10-CA-481-SS in the United States District Court for the Western District of Texas are attached hereto collectively as Exhibit A.  In the *Privett* matter, the court dismissed the Complaint *sua sponte* the same day it was filed, as reflected in the Order attached hereto as Exhibit B.

[2] In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider documents referred to in the Complaint that are central to the parties' claims.  *See, e.g., Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997); *Maxcess, Inc. v. Lucent Techs., Inc*., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).  The Court may "disregard allegations in a complaint if contradicted by facts established in documents exhibited to or referenced in the complaint, or documents that are central to a plaintiff's claim even though not referenced."  *Pierce v. Ocwen Loan Servicing*, 2006 WL 1994571, at *2 (M.D.N.C. Jul. 14, 2006) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)).  Here, Plaintiffs' Complaint repeatedly

2.     Concurrently with the execution of the Note, Plaintiffs executed a Mortgage granting a security interest in their property to Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial Network Inc. and its successors and assigns.  The security instrument was duly recorded on July 13, 2006, in the Official Real Property Records of Calhoun County, Alabama.  A true and correct copy of this Mortgage is attached hereto as Exhibit D.

3.     The Mortgage was properly assigned on May 9, 2010 to GMACM.  A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit E.

3.     On May 28, 2010, Plaintiffs filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") before the United States Bankruptcy Court for the Northern District of Alabama.  *See In re Alfinda*, No. 10-41530-JJR7 (Bankr. N.D. Ala. filed May 28, 2010) (hereinafter "the Bankruptcy Case").  As of the date of the filing of this motion, Plaintiffs' Chapter 7 Bankruptcy case remains pending.

4.     On or about June 10, 2010, Plaintiffs filed their required Schedules and Statement of Financial Affairs in the Bankruptcy Case, listing various assets

---

references the loan transaction, Note, and debt; thus, the Note and Mortgage and Assignment of Mortgage are properly before the Court.  Even were the Court to disregard those documents, however, the Motion to Dismiss is still due to be granted.

and claims.  (*See* Schedules and Statement of Financial Affairs, attached as Exhibit F).

5.      Plaintiffs failed to list any of the claims or causes of action set forth in their Complaint against GMACM or any other entity in their Schedules and Statement of Financial Affairs filed in the Bankruptcy Case.  (*Id.*)

6.      On June 7, 2010 GMACM, as a creditor, filed in the Bankruptcy Case a Motion for Relief from Automatic Stay, requesting that the Bankruptcy Court allow GMACM to proceed with foreclosure or liquidate GMACM's collateral – the mortgage lien on Plaintiffs' property.  A copy of the Motion is attached as Exhibit G.

7.      On June 23, 2010, the Bankruptcy Court granted GMACM's motion for relief from stay, allowing GMACM to move forward with foreclosure of Plaintiffs' property secured by the Note at issue.  A copy of this Order is attached as Exhibit H.

8.      Following a Motion to Reconsider Order Granting Motion for Relief from Stay filed by Plaintiffs in the Bankruptcy Case, the Bankruptcy Court entered another Order dated August 3, 2010 denying Plaintiffs' motion to reconsider the order allowing GMACM to proceed with foreclosure or liquidate GMACM's collateral.  A copy of this Order is attached as Exhibit I.

4

9.     Then, on August 12, 2010, Plaintiffs filed the instant Complaint against GMACM in this Court, entitled "Original Petition."  In addition to filing their Complaint, Plaintiffs also requested a temporary injunction to prevent GMACM from foreclosing on Plaintiffs' property.

## ARGUMENT

All of Plaintiffs' claims should be dismissed as a matter of law.  Indeed, the frivolous nature of Plaintiffs' claims is demonstrated by the Complaint itself, which in essence is an argument that "Defendants [sic], acting in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement," and "committed numerous acts of fraud against Petitioner in furtherance of a carefully crafted scheme intended to defraud Petitioner."  (Complaint, Doc. No. 1, p. 1).   Plaintiffs make various sweeping allegations about alleged "criminal conspiracies" and the court system, stating as follows:

> It is not the intent of Petitioner to indict the entire industry.  It is just that Plaintiff will be making a number of allegations that, outside the context of the current condition of the real estate industry, may seem somewhat outrageous and counter-intuitive.
>
> When Petitioner accuses ordinary individuals of acting in concert and collusion with an ongoing criminal conspiracy, it tends to trigger an incredulous response as it is unreasonable to consider that all Agents, loan agents, appraisers, and other ordinary people, just doing what they have been trained to do, are out to swindle the poor unsuspecting borrower.

5

> The facts Petitioner is prepared to prove are that Petitioner has been harmed by fraud committed by people acting in concert and collusion, one with the other.  Petitioner has no reason to believe that the Agent, loan officer, appraiser, and others were consciously aware that what they were doing was part of an ongoing criminal conspiracy, only that it was . . . .  Petitioner maintains that the real culprit is the system itself, including the courts, for failure to strictly enforce the consumer protection laws.

(*Id.*, p. 2).  Plaintiffs make a list of allegations about a "carefully crafted criminal connivance," "criminal conspiracy and theft," and "extra profits."  (*Id.*, pp. 2, 9-10).

Although the Complaint is difficult to decipher, at one point in the Complaint it appears as if Plaintiffs are attempting to assert the following "claims" against GMACM:  (i) Breach of Fiduciary Duty, with references to alleged violations of TILA, HOEPA, RESPA; (ii) "Negligence/Negligence Per Se"; (iii) "Agent: Common Law Fraud"; (iv) "Petitioner Properly Averred A Claim for Breach Of The Implied Covenant Of Good Faith And Fair Dealing"; (v) "Cause of Action Violation Of Truth In Lending Act 15 U.S.C. §1601 Et Seq."; and (vi) Intentional Infliction of Emotional Distress.  (*Id.*, pp. 19-23).

In addition to injunctive relief, rescission of the loan, and disgorgement of profits that Plaintiffs claim were "wrongfully acquired," Plaintiffs also seek actual damages in the amount of **$294,759.60** and punitive damages in the amount of **$884, 278.80**.  (*Id.*, p. 24).

I.   **Plaintiffs do not have standing to bring the claims alleged in their Complaint.**

As noted above, Plaintiffs are currently debtors in a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Alabama, Eastern Division.  As set forth below, all of Plaintiffs' claims alleged in the Complaint are claims that arose pre-petition.[3]

"Determining the identity of the party who can properly assert [a claim] begins with Federal Rule of Civil Procedure 17(a).  Rule 17(a) states that '[e]very action shall be prosecuted in the name of the real party in interest.'"  *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003).  It is well settled that a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it.  *See Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004); *Barger,* 348 F.3d at 1292; *Crosby v. Mobile County*, No. 04-0144-CG-M, 2007 WL 4125895, at *1 (S.D. Ala. Nov. 7, 2007) ("In a Chapter 7 case, the Trustee is the real party in interest and it has exclusive standing to assert any discrimination claims.") (internal quotation marks omitted).

---

[3] All of Plaintiffs' claims against GMACM arose pre-petition because they allege various predatory loan practices, fraudulent schemes to charge false fees, misapplied payments and breaches of fiduciary duties, which would have arisen well before Plaintiffs filed bankruptcy in May of 2010.

This is because Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 541(a)(1) (providing that the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case"). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. *Barger*, 348 F.3d at 1292. Thus, the trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate. 11 U.S.C. § 323; *Barger*, 348 F.3d at 1292.

Accordingly, the claims Plaintiffs allege in their Complaint are the property of the bankruptcy estate given that all such claims arose pre-petition, and as such, the bankruptcy trustee, not Plaintiffs, possesses sole standing to pursue these claims. For this reason alone, Plaintiffs' Complaint should be dismissed as Plaintiffs lack standing pursuant to Rule 17(a) to bring this action and these claims. FED. R. CIV. P. 17(a).

## II.   **Plaintiffs' claims are barred by the doctrine of judicial estoppel.**

Second, Plaintiffs' Complaint is due to be dismissed based on the equitable doctrine of judicial estoppel, which bars Plaintiffs from pursuing any of their "claims" against GMACM. As noted above, Plaintiffs' claims arose pre-petition, and as such, Plaintiffs may not recover on the claims because they failed to

disclose them as a potential asset of their bankruptcy estate in their bankruptcy schedules and statement of financial affairs.  (*See* Ex. F).

Under Section 521 of the Bankruptcy Code, a debtor must disclose all assets, or potential assets, to the bankruptcy court.  *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002); *Oneida Motor Freight, Inc. v United Jersey Bank*, 848 F.2d 414, 416-17 (3rd Cir. 1988).  The duty to disclose is a continuing one that does not end once the bankruptcy schedules are filed; rather, a debtor must amend his schedules to disclose subsequently discovered assets.  *See De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291-1292 (11th Cir. 2003); *Burnes*, 291 F.3d at 1286.  Courts have specifically held that a debtor must disclose any litigation likely to arise in a non-bankruptcy context.  *See Oneida*, 848 F.2d at 417-418.  The failure to disclose such claims triggers application of the doctrine of estoppel against future attempts to prosecute such claims.  *See id.* at 418 (debtor's failure to disclose claim against bank precludes it from litigating the cause of action); *In re Galerie Des Monnaies of Geneva, Ltd.*, 55 B.R. 253 (Bankr. S.D.N.Y. 1985).

Judicial estoppel is applicable where (1) allegedly inconsistent positions are made under oath, and (2) such inconsistencies are shown to have been calculated to make a mockery of the judicial system.  *See Burnes*, 291 F.3d at 1285 (restating the two factors of judicial estoppel considered in the Eleventh Circuit Court of Appeals); *see also New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (stating

that judicial estoppel is applicable where a party asserts a position in a proceeding but thereafter assumes a contrary position, and such inconsistencies create the perception that the court was misled); *Barger v. City of Cartersville, Georgia*, 348 F.3d 1289, 1293-94 (11th Cir. 2003); *Oneida*, 848 F.2d at 416-17; *In the Matter of Huggins*, 305 B.R. 63 (Bankr. N.D. Ala. 2004) (Caddell, B.J.); *De Leon*, 321 F.3d at 1291 (holding that the rule of judicial estoppel applies equally in Chapter 13 and Chapter 7 bankruptcy cases).

Judicial estoppel is warranted here, as both factors are satisfied.  First, Plaintiffs have taken a position in the Complaint that is inconsistent with the position they took, under oath, in their pending bankruptcy case.  Plaintiffs failed to disclose their claims against GMACM in their schedules and statement of financial affairs.  (*See* Ex. F).  The claims were potential assets of the bankruptcy case, and Plaintiffs had a duty to disclose them, which they did not.  *See Burnes*, 291 F.3d at 1286 (citing 11 U.S.C. §§ 521(1) and 547(a)(7)); *Oneida*, 848 F.2d at 416-17.

Second, Plaintiffs' failure to disclose the claims creates the perception that the bankruptcy court was misled.  The timeline of the present action and the record in the bankruptcy case provide evidence that Plaintiffs were aware of the claims against GMACM when they filed bankruptcy – and were certainly aware of such claims given the arguments and briefing surrounding the motion for relief from

10

stay filed by GMACM in the Bankruptcy Case – and indicate that Plaintiffs intentionally misled the bankruptcy court by failing to disclose the claims, thereby making a mockery of the judicial system. *See Burnes*, 291 F.3d at 1287 (deliberate and intentional manipulation can be inferred from the record; debtor's failure to satisfy statutory disclosure duty is only inadvertent when debtor lacks knowledge of the undisclosed claims or has no motive for concealment).    Based    on    the foregoing, due to Plaintiffs' failure to disclose the claims in their bankruptcy schedules and statement of financial affairs, Plaintiffs are barred from bringing the claims in this Court (or in any other court) under the doctrine of judicial estoppel.

### III.   Plaintiffs' frivolous allegations are an attempt to avoid foreclosure.

Although Plaintiffs claim to be the victims of a massive conspiracy, they are actually the ones attempting to perpetrate a fraud.  Plaintiffs' allegations reveal that they are simply attempting to avoid foreclosure and avoid their debt by improperly burdening the court system with baseless allegations.

A federal court in Georgia recently dismissed similar arguments at their inception.  Specifically, in *Buckley v. Bayrock Mortgage Corp.*, 2010 WL 476673 (N.D. Ga. Feb. 5, 2010), a borrower contested foreclosure by asserting that he had been loaned credit instead of actual money, that the defendants were required to provide the original note as "proof of claim," and that the defendant had violated

11

the FDCPA and RESPA.  The Court dismissed the plaintiff's Complaint after an extensive discussion of similar findings from other federal courts, and after noting that the Complaint "was largely nonsensical and provide[d] mere 'labels and conclusions.'"  *Id.* at *6.

Plaintiffs' allegations in this case are just like those in *Buckley* and other frivolous cases in which plaintiffs have simply sought to delay foreclosure and avoid their debt by "contesting" the defendant's authority to foreclose, denying that any entity has standing to foreclose, or claiming, as these Plaintiffs do on page 6 of their Complaint, that "no valid lien exists."  *See, e.g., McGrue v. Saxon Mortgage Servs., Inc.,* 2010 WL 2838403, at *1-2 (N.D. Ga. Jul. 19, 2010) (noting the dismissal of the *pro se* mortgagor's allegations that the defendant loan servicer had no legal interest in the property and that it must produce "the original wet ink signature" of the mortgage documents); *Sundell-Bahrd v. Tiffany & Bosco, P.A.*, 2010 WL 2595083, at *1-2 (D. Ariz. Jun. 24, 2010) (denying *pro se* mortgagor's motion for temporary restraining order where she alleged that the mortgagee "did not have the requisite 'equity,' 'interest,' or 'standing' concerning [her] promissory mortgage note to initiate non-judicial foreclosure proceedings"); *McLaughlin v. CitiMortgage, Inc.*, 2010 WL 2377108, at *1-18 (D. Conn. Jun. 11, 2010) (dismissing *pro se* mortgagor's claims for fraud and allegations that no debt actually existed); *Rogers v. Cal. State Mortgage Co.*, 2010 WL 144861, at *16-19

(E.D. Cal. Jan. 11, 2010) (dismissing the mortgagors' Complaint in which they alleged that they had "canceled" the deed of trust, and noting that their Complaint appeared to have been brought "in absence of good faith . . . [and to] exploit the court system solely for delay or to vex [the] defendants"); *see also Mother: Vertis-Mae v. Argent Mortgage Co., LLC*, 2008 WL 1995363, at *1-3 (N.D. Ga. May 5, 2008); *Candelo v. NDEX West, LLC*, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008); *Putkurri v. Recontrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009); *Labes v. Ocwen Loan Servicing, Inc.*, 2009 WL 3748291, at *4-6 (E.D. Cal. Nov. 5, 2009); *Demmler v. Bank One N.A.*, 2006 WL 640499, at *4 (S.D. Ohio Mar. 9, 2006); *Agee v. Wells Fargo Bank*, 2010 WL 1981047, at *1-2 (E.D. Mich. Apr. 15, 2010); *Smith v. Nat'l City Mortgage*, 2010 WL 3338537, at *2-17 (W.D. Tex. Aug. 23, 2010). Just as in *Buckley* and these other cases, Plaintiffs' allegations have no basis in fact or law, and their Complaint should be dismissed.

## IV. <u>Plaintiffs' claims are insufficiently pled under Rules 8(a), 10(b), and 12(b)(6) of the Federal Rules of Civil Procedure, and should be dismissed on this ground alone.</u>

Even assuming Plaintiffs had standing to bring the claims in the Complaint, and assuming the claims were not barred by collateral estoppel, Plaintiffs' claims still fail because they utterly fail to set forth any specific facts that could support recovery.

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Each claim for relief must be presented in a separate count. FED. R. CIV. P. 10(b). A complaint should also contain such clarity and precision that the defendant will be able to discern what the plaintiff is claiming. *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996). This is so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009). The factual allegations in a Complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. Conclusory allegations and legal conclusions do not suffice. *Iqbal*, 129 S. Ct. at 1949-50.

Though it is true that *pro se* pleadings are construed more liberally, "the Court is not permitted to serve as a '*de facto* counsel' and 'rewrite an otherwise deficient pleading in order to sustain an action.'" *Gonzalez v. Asset Acceptance, LLC*, 308 F. App'x 429, 430 (11th Cir. 2009) (citing *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Instead, even

14

*pro se* plaintiffs are "required to follow the minimum pleading standards set forth in the Federal Rules of Civil Procedure." *McMahon v. Hunter*, 2007 WL 1952906, at *6 (M.D. Fla. July 2, 2007) (citations omitted). *See also Mott v. Fuhrman*, 2010 WL 3385338, at *1 (N.D. Fla. Aug. 23, 2010) ("It cannot be assumed that a [*pro se*] Plaintiff will prove facts which have not been alleged.") (citations omitted).

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Labes v. Ocwen Loan Servicing, Inc.*, 2009 WL 3748291, at *1 (E.D. Cal. Nov. 5, 2009) (citing cases); *Peck v. Merletti*, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999) (dismissing a *pro se* complaint that contained "hundreds of pages" of  "gibberish or nonsensical rambling"); *Fernandez v. Supreme Ct. of Ill.*, 2002 WL 1008468, at *1 (N.D. Ill. May 17, 2002) (dismissing complaint that was "unnecessarily lengthy, redundant, and confusing, making it difficult to determine which alleged wrongdoings, if any, constitute the claimed violations of federal and state law").

The only particular "facts" alleged by Plaintiffs in the Complaint are the following:

- Plaintiffs "entered into a consumer contract for the refinance of a primary residence located at 624 Hickory Lane Jacksonville AL 36265." (Complaint, p. 1).

- Plaintiffs were charged certain delineated fees at settlement.  (*Id.*, p. 12).

- Alleged overpayment amounts, alleged restitution amount, and alleged damages amounts.  (*Id.*, pp. 12-13, 18, 23-24).

And, aside from identifying GMACM on page 1, **<u>nowhere</u>** in the Complaint do Plaintiffs even mention GMACM.  Instead, the Complaint is filled with page after page of confusing allegations directed at unnamed "Defendants."  The Complaint clearly lacks the required "direct or inferential allegations respecting all the material elements necessary to sustain recovery."  *See Twombly*, 550 U.S. at 562. In essence, the Complaint fails to allege any specific harm to Plaintiffs and reads as a "shot gun pleading."  Such pleadings "harm the court by impeding its ability to administer justice.  [W]ast[ing] scarce judicial and parajudicial resources . . . impedes the due administration of justice . . ."  *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001).

Plaintiffs' claims also fail for various other reasons.  For example, as to the allegations regarding alleged TILA violations, any such claims are barred by TILA's one-year statute of limitations.  *See* 15 U.S.C. § 1640(e) ("[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation.");  *Labes v. Ocwen Loan Servicing, Inc*., 2009 WL

16

3748291, at *3-4 (E.D. Cal. Nov. 5, 2009).[4]  Even assuming the truth of Plaintiffs' allegations implying some sort of TILA violation, any potential violation necessarily occurred on or about July 6, 2006, when Plaintiffs closed on their loan. However, Plaintiffs did not file this action until 2010, well after the statute of limitations had expired.  This is not to mention the fact that GMACM was not the original lender of this loan and did not even have any TILA or RESPA obligations to Plaintiffs as a matter of law.

Plaintiffs' "common law fraud" claim should be dismissed as it fails to satisfy the general pleading requirements of Rule 8(a), much less the heightened pleading requirements of Rule 9(b).  FED. R. CIV. P. 9(b).  Under Rule 9(b), for allegations involving fraud, "a party must state with particularity the circumstances constituting the fraud or mistake."  *Id*.; *Ziemba v. Cascade Intern. Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).  In *Ziemba*, the Eleventh Circuit reiterated that in order to satisfy the heightened pleading requirements of Rule 9(b), a cause of action for fraud must set forth the following:

(1) precisely what statements were made in what documents or oral representations or what omissions were made; and

---

[4] Plaintiffs discuss possible RESPA violations but do not make a specific claim under RESPA in their "Causes of Action" section of their Complaint.  However, even assuming such claims are present, they too would be barred by the statute of limitations, as the statute of limitations for RESPA is a maximum three-year statute of limitation.  *See* 12 U.S.C. § 2614.

(2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and

(3) the content of such statements and the manner in which they misled the plaintiff, and

(4) what the defendant obtained as a consequence of the fraud.

256 F.3d at 1202. "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Id*. (internal citations omitted). Plaintiffs' Complaint fails to set forth any of that required information, and as such fails to satisfy Rule 9(b) and should be dismissed.

Another example of the frivolous nature of the Complaint is Plaintiffs' claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. Here, Plaintiffs recite California insurance law regarding an agent's duty to his or her client. (Complaint, p. 21). Plaintiffs allege that "[t]he fiduciary duty of the Agent is to deal with the consumer in good faith." (*Id*., p. 22). Regardless of California insurance law regarding an agent's duty to the client, the fact remains that in this case GMACM was not -- and is not even alleged to be -- an "agent." Moreover, this case is not an insurance case, nor is it pending in California.

## CONCLUSION

This Complaint is simply a stall tactic by Plaintiffs and a desperate attempt to avoid their contractual obligations. Plaintiffs lack standing to bring the claims, the claims are barred from being litigated in this action given the pending Chapter 7 Bankruptcy Case, and Plaintiffs' allegations fall well short of the requirements set forth in the Federal Rules of Civil Procedure and by the Supreme Court in *Twombly* and *Iqbal*, and they fail as a matter of law. As such, the Complaint should therefore be dismissed, with prejudice.

For the reasons set forth above, GMACM respectfully requests that Plaintiffs' Complaint be dismissed in its entirety and with prejudice.

Respectfully submitted this 14th day of September, 2010.

s/ Jon H. Patterson
F. Wendell Allen (ASB-1676-A62F)
Jon H. Patterson (ASB-4981-J69P)

BRADLEY ARANT BOULT
CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 488-6226

ATTORNEYS FOR GMAC MORTGAGE, LLC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served the above and foregoing on the following by placing copies of the same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses to:

Fred Alfinda
624 Hickory Lane
Jacksonville, AL 36265

Karen Alfinda
624 Hickory Lane
Jacksonville, AL 36265

on this the 14th day of September, 2010.

s/ Jon H. Patterson
OF COUNSEL

20

1/2078263.1