FILED
2010 Oct-25 PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **FRED ALFINDA, KAREN ALFINDA,** )<br>)<br>Plaintiffs, )<br>) **Case No.: 1:10-CV-2196-VEH**<br>v. )<br>)<br>**GMAC MORTGAGE, LLC,** )<br>)<br>Defendant. ) | |

## MEMORANDUM OPINION

Before the Court is the Defendant's Motion to Dismiss Plaintiffs' Complaint and Incorporated Brief in Support Thereof (doc. 10), filed on September 14, 2010. The Plaintiffs filed a response on October 4, 2010. For the reasons set forth below, the motion is due to be **GRANTED.**

## BACKGROUND

The Plaintiffs, Fred Alfinda and Karen Alfinda, filed their complaint against Defendant GMAC Mortgage, LLC, on August 12, 2010. In their complaint, the Plaintiffs allege as causes of action the following: (1) Breach of fiduciary duty; (2) Negligence and negligence *per se*; (3) Common law fraud; (4) Breach of the implied covenant of good faith and fair dealing; (5) Violation of Truth in Lending Act, 15

U.S.C. § 1601, *et seq.*; and (6) Intentional infliction of emotional distress. On September 14, 2010, the Defendant filed this motion pursuant to FED. R. CIV. P. 8(a), 9(b), 10(b), 12(b)(6), and 17, seeking a dismissal on numerous grounds, including that Plaintiffs lack standing to bring the claims asserted in their complaint.

## DISCUSSION

On May 28, 2010, the Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama. (Def.'s Mot. to Dismiss, p. 3, filed September 14, 2010, *citing In re Alfinda*, No. 10-41530-JJR7 (Bankr. N.D. Ala. filed May 28, 2010). The Defendant contends that because the Plaintiffs filed a Chapter 7 bankruptcy proceeding, they lack standing to pursue their claims. According to the Defendant, only the trustee in bankruptcy has standing to pursue the claims. (Def.'s Mot. to Dismiss, p. 7, *citing Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004); *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003)).

The Plaintiffs filed a response to the Defendant's Motion to Dismiss, but did not address the issue of whether they have standing to pursue these claims. In their response, the Plaintiffs requested that the court deny Defendant's motion as being frivolous, or alternatively, treat the motion as one requesting a more definite statement, which the Plaintiffs agreed to provide if requested to do so.

"'[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (citations omitted). "'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Bochese*, 405 F.3d at 974. "Standing is a doctrine that 'stems directly from Article III's "case or controversy" requirement,' and thus it 'implicates our subject matter jurisdiction.'" *Bochese*, at 974. (citations omitted). "In fact, standing is 'perhaps the most important' jurisdictional doctrine, and, as with any jurisdictional requisite, [the court is] powerless to hear a case when it is lacking." *Id.* (citations omitted).

FED. R. CIV. P. 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1). "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." FED. R. CIV. P. 17(a)(3).

The Eleventh Circuit explained the issue of standing for asserting a claim that arose prior to the filing of a petition under Chapter 7 of the Bankruptcy Code as follows:

> Generally speaking, a pre-petition cause of action is the property of the

3

Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 541(a)(1) (providing that the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case"). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. *Barger*, 348 F.3d at 1292. Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate. 11 U.S.C. § 323; *Barger*, 348 F.3d at 1292.

Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code. See 11 U.S.C. § 554(a)-(c). At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate. 11 U.S.C. § 554(d). Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate. *Mobility Systems & Equip. Co. v. United States*, 51 Fed. Cl. 233, 236 (Fed. Cl. 2001) (citing cases); see *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 525-26 (8th Cir.1991).

*Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).

In this case, the Plaintiffs are pursuing pre-petition claims, that is claims that accrued prior to the filing of their bankruptcy petition. Upon filing their petition, the Plaintiffs' claims against the Defendant became property of the bankruptcy estate, and "*only* the trustee in bankruptcy has standing to pursue [those claims]." *Parker*, 365 F.3d at 1272 (emphasis added); *see also Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003) (stating that "the Trustee is the real party in interest and

it has exclusive standing to assert any discrimination claims."). Because the bankruptcy trustee, and not the Plaintiffs, is the real party in interest under FED. R. CIV. P. 17(a)(1), the Plaintiffs lack standing to pursue this case. More than thirty days have passed since the Defendant raised the objection that the trustee is the real party in interest and, during this time, the Plaintiffs have not attempted to substitute or join the trustee as the real party in interest. *See* FED. R. CIV. P. 17(a)(3); *Wieburg v. GTE Southwest Inc.*, 71 F. App'x 440 (5th Cir. 2003). Because the trustee has not been substituted or joined in this matter, this court lacks subject matter jurisdiction over this case. For this reason, the Defendant's motion is due to be **GRANTED.**

## CONCLUSION

For the reasons stated above, the Defendant's motion is due to be **GRANTED.** The Plaintiffs complaint is due to be, and hereby is, **DISMISSED WITHOUT PREJUDICE.** A separate, final order will be entered.

**DONE** and **ORDERED** this the 25th day of October, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

5